JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PAULA GONZALEZ, <br><br> Plaintiff, <br><br> vs. <br><br> INDYMAC FEDERAL BANK, F.S.B.; INDYMAC BROKERAGE ARM; PROFESSIONAL MORTGAGE CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE; MTC FINANCIAL INC., dba TRUSTEE CORPS; and all other claimants of whatsoever kind and character against real property commonly known as 4507 W. Chapman Ave., Orange, CA 92868; APN 223-113-17; and DOES 1-100, inclusive <br><br> Defendants. | Case No.: SACV 11-00149-CJC(MANx) <br><br><br> **ORDER DISMISSING ACTION WITH PREJUDICE** |

# INTRODUCTION & BACKGROUND

Before the Court is a motion to dismiss or strike filed by Defendant MTC Financial Inc., dba Trustee Corps ("Trustee Corps"). On its own motion, and for the reasons explained below, the Court hereby DISMISSES Ms. Gonzalez' action WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).[1]

*Pro se* Plaintiff Paula Gonzalez brought this action arising out of the foreclosure and sale of her home against Defendants Indymac Federal Bank, F.S.B.; Indymac Brokerage Arm; Professional Mortgage Corp.; Deutsche Bank National Trust Company as Trustee; and MTC Financial Inc., dba Trustee Corps ("Trustee Corps"). Ms. Gonzalez filed her suit in California state court on January 21, 2011 asserting claims including violation of TILA, violation of RESPA, and fraud. Trustee Corps removed the action to federal court on January 26, 2011. *See* Notice of Removal at 2. At the time of removal, Trustee Corps asserted that it had not been properly "served with the Summons and Complaint by [Ms. Gonzalez]. The Complaint was obtained from the Orange County Superior Court's website." *Id.*

On February 25, 2011, Trustee Corps filed a motion to dismiss Ms. Gonzalez' Complaint. Ms. Gonzalez failed to file any opposition to Trustee Corps' motion. On March 29, 2011, the Court granted Trustee Corps' motion to dismiss with leave to amend on the basis of Local Rule 7-12, which governs a party's failure to file required papers, and because Ms. Gonzalez' claims suffered from many of the defects outlined in Trustee Corps' motion. The Court's March 29, 2011 Order permitted Ms. Gonzalez to file her First Amended Complaint ("FAC") within twenty days to address these deficiencies.

---

[1] In light of this disposition, Trustee Corps' motion is DENIED as moot. The hearing regarding Trustee Corps' motion, which was set for July 11, 2010, at 1:30 p.m., is hereby vacated and off calendar.

Ms. Gonzalez failed to comply with the Court's March 29, 2011 Order and did not file her FAC until May 2, 2011. A Notice of Document Discrepancies and Order dated May 3, 2011 related to Ms. Gonzalez' untimely filing of her FAC notified Ms. Gonzalez that "any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7." Dkt. # 8. As Trustee Corps' most recent motion to dismiss observes, Ms. Gonzalez' FAC is identical to her original Complaint except that she has handwritten "First Amended Complaint" on the first page and has re-signed and re-dated the final page.

On May 16, 2011, Trustee Corps filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or strike pursuant to Rule 12(f). Ms. Gonzalez again failed to file any opposition to Trustee Corps' motion.

**ANALYSIS**

The procedural history recounted above indicates that Ms. Gonzalez has failed to comply with Local Rules and with this Court's orders ever since Trustee Corps removed this suit to federal court. Indeed, she failed to file an opposition to Trustee Corps' first motion to dismiss, providing a basis for granting the motion under Local Rule 7-12. Next, she filed her FAC beyond the time deadline established in this Court's March 29, 2011 Order. Despite being granted the opportunity to substantively amend her Complaint, Ms. Gonzalez chose to simply re-file her original Complaint with a new title and date. After the Court permitted her to untimely file her FAC, she again failed to oppose Trustee Corps' present motion. This most recent failure is particularly significant because the Court's May 3, 2011 Notice of Document Discrepancies and Order placed Ms. Gonzalez on notice that any further failure to comply with Local Rules might result in penalties.

Federal Rule of Civil Procedure 41(b) permits a court to *sua sponte* involuntarily dismiss an action when the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Courts considering dismissal on this basis must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the availability of less drastic alternatives, and (5) the public policy favoring disposition of cases on the merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Dismissal under Rule 41(b) is warranted here. First, dismissal furthers the public's interest in expeditious resolution of this action. *See id.* Second, the court's need to manage its docket favors dismissal. *See id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."). Ms. Gonzalez' procedural defaults are inexcusable and have wasted the Court's time. Her decision to file an FAC identical to her dismissed Complaint aside from the title and date evidences her intention and willingness to further waste the Court's time if permitted to do so. Trustee Corps has not suffered significant prejudice to date, but Ms. Gonzalez' actions indicate that she intends to unnecessarily delay the resolution of this suit in the future, which would further prejudice Trustee Corps and potentially other Defendants going forward. Although less drastic alternatives to dismissal may be available and this factor may weigh against dismissal, the Court notes that Ms. Gonzalez has already failed to comply with two Court orders. *See* Dkt. # 5 (March 29, 2011 Order directing Ms. Gonzalez to file her FAC within 20 days); Dkt. # 8 (May 3, 2011 Notice of Document Discrepancies and Order putting Ms. Gonzalez on notice that further failures to comply with Local Rules may be penalized). The public policy favoring disposition of cases on their merits weighs against dismissal. The Court further considers Ms. Gonzalez' *pro se* status as a factor weighing against dismissal. On balance, however, these factors favor dismissal of this action.

**CONCLUSION**

For the foregoing reasons, Ms. Gonzalez' action is hereby DISMISSED WITH PREJUDICE.

DATED: July 6, 2011

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE